1  Brendan W. Brandt, State Bar #150603
   *Brendan.Brandt@varnerbrandt.com*
2  Jeff T. Olsen, State Bar #283249
   *Jeff.Olsen@varnerbrandt.com*
3  John M. Soliman, State Bar #304500
   *John.Soliman@varnerbrandt.com*
4  **VARNER & BRANDT LLP**
   3750 University Avenue, Suite 610
5  Riverside, California 92501
   Telephone: (951) 274-7777
6  Facsimile: (951) 274-7770

7  Attorneys for Defendant,
   STATER BROS. MARKETS, a California
8  corporation

9               UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  KATRINA BIGGERS, an individual,        Case No. 5:19-cv-01097-SJO-KK
    on behalf of herself and all others
12  similarly situated,
                                            **DEFENDANT'S NOTICE OF**
13         Plaintiffs,                       **MOTION AND MOTION TO**
                                             **DISMISS AND/OR STRIKE**
14  vs.                                      **PLAINTIFF'S SECOND AMENDED**
                                             **COMPLAINT**
15  STATER BROS. MARKETS, a
    California corporation, and DOES 1-     [*Filed Concurrently With Memorandum*
16  50, inclusive,                          *of Points and Authorities; Declaration*
                                            *of John M. Soliman; Proposed Order*]
17         Defendants.

18                                           **Date:**        **November 4, 2019**
                                             **Time:**        **10:00 a.m.**
19                                           **Courtroom:**   **10C**
20

21

22

23                                           Complaint Filed: May 7, 2019

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION TO DISMISS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on that, on November 4, 2019 at 10:00 a.m. in Courtroom 10C of the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, California, 90012, Defendant STATER BROS. MARKETS, a California corporation ("Defendant") will and hereby does move the Court for an order dismissing and/or striking or alternatively staying Plaintiff KATRINA BIGGERS's ("Plaintiff's") putative class action Second Amended Complaint (the "Motion").

Defendant's Motion is made pursuant to 9 U.S.C. § 1, *et seq.*, and Fed. R. Civ. P. ("FRCP") 12(b)(1), 12(b)(6), and/or 12(f) on the three separate and independent grounds:

(1)    First, each of Plaintiff's causes of action allege that certain wages were not included on Plaintiff's wage statements.  However, recent California case law has held that there is no violation if the employer correctly includes the *amount of hours worked on the wage statement.*  If, as is the case here, *alleged* unpaid wages or by example, meal or rest periods are not included on the wage statement – there can be no violation under Cal. Lab. Code 226.  Because Plaintiff's SAC does not allege that the actual hours worked is incorrect on the wage statement, by law, there can be no violation.  For the same reason, Plaintiff's second cause of action is derivative of the first and should also be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT'S NOTICE OF MOTION TO DISMISS**

(2)     Second, if Plaintiff argues that the SAC alleges that the *overtime rate of pay* is incorrect on Plaintiff's wage statement, those claims must nevertheless fail pursuant to application of Cal. Lab. Code §514 (which provides an exception to overtime for employers with collective bargaining agreements) - and must be similarly dismissed.  Akin to recent controlling 9th Circuit decision, *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1149 (9th Cir. 2019), Plaintiff and the remainder of the putative class is represented by a Union representative — i.e., the United Food & Commercial Workers International Union ("Union") with a valid collective bargaining agreement ("CBA") across the statute of limitations period, i.e., September 7, 2018 to the present. For this reason, all of Plaintiff's wage claims (which, in this case, are couched as derivative wage statement and related PAGA penalties) fail as a matter of law.

(3)     Finally, and in the alternative, Plaintiff's SAC is still grossly lacking in specificity and particularity as required by federal pleading standard, and the SAC should be dismissed for failing to plead in conformity with this jurisdiction's heightened pleading requirements for wage and hour class actions (assuming, of course, that the SAC is not otherwise dismissed with prejudice or stricken in conformity with the prior stated legal arguments).

In conclusion, the Court should dismiss Plaintiff's SAC without leave to amend because Plaintiff's causes of action fail as a matter of law on multiple accounts. Alternatively, the Court should dismiss the SAC for failing to plead in conformity with this jurisdiction's heightened pleading requirements for class actions.

Defendant complied with L.R. 7-3 by conducting a conference with Plaintiff's counsel on September 11, 2019.

/ / /

/ / /

3
**DEFENDANT'S NOTICE OF MOTION TO DISMISS**

1   This Motion is based on this notice, the attached memorandum of points and

2   authorities, the declaration of John M. Soliman, Esq., all the records and documents

3   on file in this matter, and any oral or documentary evidence presented at the hearing

4   of this Motion.

5   DATE: September 24, 2019                              VARNER & BRANDT LLP

6

7                                              By:   /s/ Brendan W. Brandt
                                                     Brendan W. Brandt
8                                                    Jeff T. Olsen
                                                     John M. Soliman
9                                                    Attorneys for Defendant,
10                                                   STATER BROS. MARKE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION TO DISMISS**