# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Priority    ___
Send    ___
Enter    ___
Closed    ___
JS-5/JS-6    ___
Scan Only    ___

**CASE NO.: CV 5:19-cv-1097 SJO (KKx)**      **DATE: October 28, 2019**

**TITLE:**     **Katrina Biggers v. Stater Bros. Markets**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz            Not Present
Courtroom Clerk           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**     **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present              Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**
[Docket No. 24] **AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** [Docket No. 25]

This matter is before the Court on Plaintiff Katrina Biggers' Motion to Remand filed on September 18, 2019 ("Motion to Remand") and Defendant Stater Bros. Markets' ("Defendant") Motion to Dismiss filed on September 24, 2019 ("Motion to Dismiss"). Defendant opposed the Motion to Remand on October 7, 2019 ("Remand Opposition"), to which Plaintiff replied ("Remand Reply") on October 11, 2019. Plaintiff opposed the Motion to Dismiss on October 4, 2019, to which Defendant replied on October 11, 2019. The Court found this matter suitable for disposition without oral argument and vacated the hearings set for October 28, 2019. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendant's Motion to Dismiss as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

On May 7, 2019, Plaintiff filed a putative wage and hour class action in the Superior Court for the State of California, County of San Bernardino, on behalf of herself and all other similarly situated employees against Defendant, a California corporation, and Does 1-50, inclusive. (ECF No. 1-1.) On June 13, 2019, Defendant removed the case to this Court on the grounds that Plaintiff's claims were preempted by Section 301 of the federal Labor Management Relations Act ("Section 301" or "LMRA"), which gives federal courts the exclusive jurisdiction to hear suits for violations of contracts between employers and labor organizations pursuant to 29 U.S.C. § 185(a). (ECF No. 1.) On July 8, 2019, Plaintiff filed her First Amended Complaint ("FAC"). (ECF No. 12.)

**CASE NO.:** <u>CV 5:19-cv-1097 SJO (KKx)</u>          **DATE:** <u>October 28, 2019</u>

On July 22, 2019, Defendant moved to dismiss and/or strike the FAC based on LMRA preemption and because the FAC failed to state a claim for relief pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (*See generally* ECF No. 15.) On August 27, 2019, the Court granted the motion to dismiss with leave to amend, finding that Plaintiff's claims were not preempted by the LMRA, and they were not sufficiently specific to state a claim for relief under Rule 12(b)(6). *(See* ECF No. 21.) The Court gave Plaintiff fourteen days to file an amended complaint. (*Id.* at 7.)

On September 10, 2019, Plaintiff filed her Second Amended Complaint ("SAC").[1] (ECF No. 23.) In her Motion to Remand, Plaintiff seeks to remand the action to the San Bernardino Superior Court for lack of subject matter jurisdiction because her causes of action are not preempted by the LMRA and there is no other basis for federal jurisdiction. (Mot. Remand 7, ECF No. 24.)

On September 18, 2019, Defendant filed its Motion to Dismiss. (ECF No. 24.)

B. <u>Factual Background</u>

The SAC alleges the following. Plaintiff has been employed by Defendant since on or about May 7, 2007. (SAC ¶ 7, ECF No. 23.) Throughout Plaintiff's employment with Defendant, she has been a non-exempt, hourly employee. (*Id.*) Defendant is a California corporation that maintains operations in California, including stores in San Bernardino, California. (*Id.* ¶ 9.) Plaintiff seeks to represent the following classes:

(1) All current and former non-exempt employees of Defendant in the State of California who were paid overtime wages at any time between September 7, 2018, through the present (the "OT Wage Statement Class"); and
(2) All current and former non-exempt employees of Defendant in the State of California who were paid night premium wages at any time between September 7, 2018, through the present (the "Night Premium Wage Statement Class").

(*Id.* ¶ 16.)

Plaintiff alleges that she, the OT Wage Class, and the Night Premium Wage Statement Class were paid on an hourly basis, and that the wage statements provided to them should have reflected all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, as well as the total hours they worked. (*Id.* ¶ 29.) However, the wage statements they received failed to accurately identify such information. (*Id.*) Plaintiff alleges two specific instances in or around March 2019 where the wage statements she received were inaccurate: the first as to the rate of pay she received, and the second as to the total hours she worked. (*Id.*)

---

[1] The ECF entry for the SAC is incorrectly titled the "FIRST AMENDED COMPLAINT," but it was evidently meant to be Plaintiff's *Second* Amended Complaint and the Court refers to it as such.

**CASE NO.:** CV 5:19-cv-1097 SJO (KKx)                  **DATE:** October 28, 2019

Plaintiff also alleges that on or about April 23, 2019, she sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's alleged violations of California Labor Code § 226(a), pursuant to California Labor Code § 2698, *et seq.*, and that as of the date she filed the SAC, the LWDA had not responded.  (*Id.* ¶ 34.)  As such, pursuant to California Labor Code § 2699(a), Plaintiff seeks recovery of "any and all applicable civil penalties" for Defendant's alleged violations of California Labor Code § 226(a) for the relevant time period, on behalf of herself and the putative class members.  (*Id.* ¶ 35.)

Based on these allegations, Plaintiff asserts the following causes of action:

(1) Violation of California Labor Code § 226(a) (the "First Cause of Action"); and
(2) Violation of California Labor Code §§ 2698 *et seq.* (the "Second Cause of Action").

(*Id.* 8, 10.)

## II. DISCUSSION

### A. Legal Standards

#### 1. Motion to Remand

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The federal removal statute authorizes a defendant to remove any state civil action to federal district court if the district court would have had original jurisdiction over the case (*e.g.*, federal question or diversity jurisdiction).  28 U.S.C. § 1441.  But courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," and "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (internal quotation marks omitted).

Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

#### 2. Section 301 Preemption

Section 301 of the LMRA gives federal courts the exclusive jurisdiction to hear "suits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a). Section 301 governs claims that involve rights granted to employees solely based on a collective bargaining agreement ("CBA") or rights that are "substantially dependent" on a CBA. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)).

**CASE NO.: CV 5:19-cv-1097 SJO (KKx)**          **DATE: October 28, 2019**

A state law claim is preempted if it is so "inextricably intertwined" with the terms of a CBA that its resolution requires judicial interpretation of those terms. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985).  However, state law claims with no other relationship to a CBA beyond the fact that they are asserted by an individual covered by a CBA are not preempted by Section 301.  *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 25 (1983).  If the rights created by state law can be enforced without resorting to the interpretation of terms of a labor contract, a claim based on those rights is not preempted by Section 301. *See Caterpillar*, 482 U.S. at 391.

In *Burnside v. Kiewit Pacific Corporation*, 491 F.3d 1053, 1059-60 (9th Cir. 2007), the Ninth Circuit articulated a two-step inquiry to analyze Section 301 preemption.  First, a court must determine whether the asserted cause of action involves a right conferred upon an employee by state law or by the CBA; if the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there ("*Burnside* Prong 1").  *Id.* at 1059.  On the other hand, if the court determines that the right "exists independently of the CBA," then it moves to the second step, asking whether the right is nevertheless "substantially dependent" on the terms of the CBA, meaning that it can only be resolved by interpreting the CBA ("*Burnside* Prong 2").  *Id* at 1059-60.  If yes, then the claim is preempted; if no, the claim can proceed under state law. *Id.* at 1059.

B. Analysis

1. Plaintiff's Motion to Remand is Timely

Initially, Defendant objects that Plaintiff's Motion to Remand is procedurally barred as untimely, because motions to remand for procedural defects in the removal must be made within 30 days of the notice of removal.  (Remand Opposition 5-6.)  In the alternative, Defendant argues that Plaintiff waived her objections to removal when she joined in the filing of the Joint Rule 26(f) Report ("Joint Report") on October 7, 2019. (*Id.*)

However, Plaintiff's portion of the Joint Report indicates that the Motion to Remand is pending and re-asserts her objections to federal jurisdiction.  (ECF No. 29, Joint 26(f) Report, 4, 6.)  And in any case, the Motion to Remand is based on a jurisdictional defect, not a procedural one, so it can be addressed "at any time prior to final judgment." 28 U.S.C. § 1447(c).

2. This Court Has Already Held Plaintiff's FAC Was Not Preempted

This Court previously held that Plaintiff's FAC was not preempted by Section 301 because it did not meet the *Burnside* preemption test:

"Here, **Plaintiff's FAC makes no mention of the CBA and exclusively seeks relief pursuant to California Labor Code § 226(a)**.  (FAC ¶ 33.)  California Labor Code § 226(a) requires an employer, at the time of each payment of

**CASE NO.:** <u>CV 5:19-cv-1097 SJO (KKx)</u>          **DATE:** <u>October 28, 2019</u>

wages, to furnish an accurate itemized statement showing gross wages earned, total hours worked, all deductions, inclusive dates of the pay period, the name of the employee, the last four digits of their social security number or employee identification number, name and address of the employer, and all applicable hourly rates during the pay period.  Cal. Lab. Code § 226(a).  Defendant does not point to a similar provision in the applicable CBA.  Thus, Plaintiff's First Cause of Action does not satisfy *Burnside* Prong 1."

(Order Granting Def.'s Mot. to Dismiss 4-5, ECF No. 15.)

Additionally,

> "**Defendant's obligation to furnish accurate wage statements exists independently of the calculation of overtime pay.**  Thus, the Court does not need to interpret the CBA in order to determine whether Plaintiff's wage statements comply with California Labor Code § 226(a).  Thus, Plaintiff's First Cause of Action does not satisfy *Burnside* Prong 2."

(*Id.* at 6).

Overall, Plaintiff's First Cause of Action asserted the rights and the relief granted by state law, and it could be evaluated without needing to interpret any terms of the CBA.  (*Id.* at 6-7.)  Her Second Cause of Action was derivative of the First.  (*Id.* at 6.)  Thus, this Court held that neither Cause of Action satisfied the *Burnside* test, and there was no preemption.  (*Id.*)

### 3.  The SAC Is Also Not Preempted

Plaintiff's SAC does not assert any new claims and does not alter the nature of Plaintiff's causes of action.  (*See generally* SAC.)  In response to this Court's prior finding that the FAC lacked specificity as to the inaccurate wage statements themselves, and as to Defendant's "knowing and intentional" failures to comply with state requirements, Plaintiff added a number of new allegations in paragraphs 21, 29, 30, and 33 of the SAC regarding, among other things:

- The two specific pay periods and pay statements, in and around March 2019, at issue;
- The number of hours she worked;
- The number of hours listed on her pay statements;
- The different rates of pay identified on her pay statements; and
- Defendant's knowledge that it was violating California Labor Code § 226 based on the advice of counsel and on other pending lawsuits.

(SAC ¶¶ 21, 29, 30, 33.)

None of these new allegations change the Court's earlier *Burnside* preemption analysis. Plaintiff's claims are still based entirely on California Labor Code § 226(a), with no reference to any CBA or its terms.

Relying on *Curtis v. Irwin Industries*, 913 F.3d 1146 (9th Cir. 2019), Defendant argues that Plaintiff's claims are governed by the CBA between itself and Plaintiff's union because the CBA specifically provides for different overtime calculations (including the specific instances where overtime is earned) than in the California Labor Code. (Remand Opposition 9.)

*Curtis* does not apply to this case. *Curtis* clarifies that if unionized employees and their employers have contracted around the California Labor Code by establishing different rights and obligations in their CBAs than the state law would otherwise require, those CBA terms in turn control any subsequent disputes about those rights and obligations, not state law, making LMRA preemption proper. 913 F.3d at 1154-55. Thus, in *Curtis*, when an employee complained that his off-duty hours should have counted toward overtime pay under state law definitions, but the CBA in question explicitly defined his off-duty hours as non-working hours for overtime purposes, the CBA controlled and LMRA preemption was proper. *Id.*

But here, Plaintiff's complaint does not arise out of her overtime calculations—she does not complain of the rate of her overtime pay, how it was calculated, or when it was due to begin. If that were the case, then the CBA's alternative arrangements would control. But the issue in this case is whether the <u>*information*</u> Defendant provided on its <u>*wage statements*</u> met the requirements of California Labor Code § 226(a). Defendant has not indicated any similar provisions in the CBA terms that would displace or supersede the state law requirements.

In sum, the Court still does not need to interpret any CBA in order to determine whether Plaintiff's wage statements comply with the state code. Thus, like the FAC, the SAC is not preempted by Section 301 of the LMRA.

### 4. This Court Lacks Jurisdiction

Section 301 preemption was the sole basis for Defendant's removal to this Court. (*See* Notice of Removal, ECF No. 1.) Because there is no preemption, the Court lacks subject matter jurisdiction over this case. Thus, the Court **REMANDS** the instant case to state court for further proceedings. Additionally, Defendant's pending Motion to Dismiss (ECF No. 25) is **DENIED AS MOOT**.

### III. RULING

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. This case is **REMANDED** to the Superior Court for San Bernardino County. The Court **DENIES AS MOOT** Defendant's Notice of Motion and Motion to Dismiss (ECF No. 25.)

IT IS SO ORDERED.                                                                                                          vpc